

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Newell Cembron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-5365
Re: Correct disposition to be
made of the balance of
fine and cost paid by the
defendant after he has
worked out a part of such
fine and cost.

Your letter of June 2, 1943, requesting the opinion of this department on the questions stated therein, reads as follows:

"Please answer the following question. As an example if a prisoner is committed to the county farm from J. P. Court and the bill of cost read as follows.

| | |
|---|---|
| "Trial Fee | $ 4.00 |
| Constable's arresting fee | 5.50 |
| County Attorney's fee | 5.00 |
| Capias profine for constable | 2.00 |
| Fine | 1.00 |
| Transportation to county farm by constable | 2.00 |
| | $19.50 |

"After the prisoner has stayed on the county farm until he owes a balance of $11.00 he pays the county farm manager this amount and is released.

"Should the $11.00 be deposited to the credit of the county farm fund and the constable be paid his usual one half fee from the county farm fund,

Honorable Newell Cambron, page 2

which in this case would be $4.75?  Or would the
constable have first claim on this money and be
paid $9.50 of the $11.00 which would be his full
fee.  Please give complete information as to how
the above mentioned $11.00 should be distributed,
taking into consideration that the prisoner has
worked out $8.50 of the $19.50 fine.  Also should
the county farm manager give this money to the
J. P. for him to distribute?"

The Court of Criminal Appeals of Texas has definite-
ly recognized that prisoners should be given credit on their
fines and costs for service in jail or in the work house or
other public works.  The court also definitely recognized the
right of a convict to serve part of his time in jail and pay
the balance in cash.  (See the case of Ex parte Hill, 15 S.W.
(2d) 14)

The Court of Criminal Appeals of Texas also recog-
nizes a distinction between the credit to be allowed for serv-
ice in jail under Article 793 and Article 920 of the Code of
Criminal Procedure.  Article 793, applies to the satisfaction
of judgments and misdemeanor cases in courts other than justice
courts.  Article 920 applies alone to convictions before jus-
tices of the peace.  (Ex parte Fermandez, 57 S.W. (2d) 578;
Ex parte McLaughlin, 60 S.W. (2d) 78; and Ex parte Young, 136
S.W. (2d) 863)

In a letter opinion written August 20, 1935, by
Honorable Leon Moses, Assistant Attorney General, to Honor-
able D. C. Wood, County Attorney, Williamson County (Volume
368, Letter Opinions of the Attorney General of Texas, page
656) it was held by this department that in any case in justice
courts where the fine and costs are less than $30.00, the
proper and reasonable way to allow credit for time spent in
jail would be to divide the amount of the fine and costs by
ten, which is the minimum number of days that the defendant
must serve before being released under Article 920, Code of
Criminal Procedure.

In our Opinion No. 0-1015, it is stated:

"In your letter you used an illustration of
a person who was convicted of a misdemeanor (in
justice court) and his penalty affixed at a fine
of $1.00 and costs of $13.00, making a total of

Honorable Newell Cambron, page 3

$14.00, stated the convict had served four days in jail, wished to pay the balance of his fine and costs in cash, and thereby obtain immediate relief. In this specific instance we are of the opinion that defendant should be allowed credit of $1.40 per day, which at four days would amount to $5.60. Substracting the $5.60 as jail credit, from the total amount of $14.00 would leave a balance of $8.40, which should be paid in order to obtain the release of a defendant from custody."

Opinion No. 0-1792 of this department holds:

". . . it is the opinion of this department that where only a part of the fine and costs are collected, that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine, and that where there is not enough collected to pay all the costs, the money collected should be prorated between the arresting officer, the county attorney and the county. That no officer has priority over another in such matter. For example, if the fine and costs amount to $23.00, as in your case, the fee of the county attorney amounts to $5.00; the fee of the constable amounts to $13.00 and the trial fee amounts to $4.00; if the defendant paid $6.00 in cash and the balance is worked out on the county farm the arresting officer would be entitled to $3.55 of the cash payment, the county attorney would be entitled to $1.36 of the cash payment and the county (as its portion of the trial fee) would be entitled to receive $1.09 of the cash payment. The arresting officer and the county attorney would also be entitled to receive payment from the county under Article 1055, Code of Criminal Procedure of Texas, one half of the balance of their fees for the time the defendant worked out the balance of his fine and costs. Under the example quoted above the arresting officer would be entitled to receive from the county the sum of $4.72; the county attorney would be entitled to receive from the county the sum of $1.82. The total sum received by the arresting officer from

Honorable Newell Cambron, page 4

both sources would be $8.27; the total sum received by the county attorney from both sources would be $3.18."

Under the facts stated in your letter the proper and reasonable way to allow credit for time spent on the county farm would be divide the amount of fine and costs by ten, which is the minimum number of days that the defendant must serve before being released under Article 920, Code of Criminal Procedure. Taking the amount of the fine and costs which is $19.50 and dividing by ten would amount to $1.95 per day which should be credited for the defendant for each day he spent on the county farm.

The constable is entitled under Article 1055, Vernon's Annotated Code of Criminal Procedure, to have half costs on that part of the time the defendant worked on the county farm the same to be properly prorated. Opinion No. 0-1578 of this department holds that a constable is entitled under Article 1055, Code of Criminal Procedure of Texas, to have half costs on that part of the time a defendant remains in jail or works for the county when he so discharges a part of the fine and costs and pays off a part and that the same shall be properly prorated.

The precinct officers of Hopkins County are compensated on a fee basis and the county officials of said county are compensated on an annual salary basis.

That portion of the money received by the county attorney must be deposited in the Officers' Salary Fund as required by the Officers' Salary Law.

It is noted that the bill of costs shows that the constable has a charge as an arresting fee of $5.50. Article 1065 of the Code of Criminal Procedure, allows the sum of $2.00 for each arrest. The bill of costs does not reflect any charge for mileage in the case under consideration. For the purposes of this opinion we assume that the $3.50 which is reflected as an arresting fee constitutes a charge of $1.50 for taking and approving the bond, $1.00 for release, and $1.00 for commitment. We further assume that all of these services were performed by the constable.

In the case under consideration the fine and costs amount to $19.50, the fee of the county attorney amounts to

$5.00; the fee of the constable amounts to $9.50 and the trial fee amounts to $4.00. After defendant paid $11.00 in cash and the balance was worked out on the county farm the constable would be entitled to $5.65 of the cash payment, the, county attorney would be entitled to $2.96 of the cash payment and the county (as its portion of the trial fee) would be entitled to receive $2.39 of the cash payment. As heretofore stated the amount received by the county attorney must be deposited in the Officers' Salary Fund of the county. The constable would also be entitled to receive payment from the county under Article 1055, Code of Criminal Procedure, one-half of the balance of his fee for the time the defendant worked out the balance of his fine and costs. This would amount to $1.93. The total sum received by the constable from both sources would be $7.58. The county farm manager should pay this money to the justice of the peace.

We enclose herewith copies of our Opinions Nos. 0-1792, 0-3769, 0-4924 and 0-1578.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell William_

Ardell Williams
Assistant

AW:db

Enclosures

APPROVED JUN 11, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN